IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| LISA COLES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLS 20-2840 |
| SUDDATH VAN LINES, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \*

**MEMORANDUM OPINION**

This matter has been referred to me for all further proceedings pursuant to 28 U.S.C. § 636(a) and with the consent of the parties. (ECF Nos. 18, 19, 22).

Pending before this Court is a motion to dismiss this action filed by Defendants Suddath Van Lines, Inc. and Ryan Patrick Clancey ("Defendants") on March 25, 2022. (ECF No. 53). On March 28, 2022, the Clerk of the Court mailed a letter to Plaintiff Lisa Coles ("Plaintiff") notifying her that Defendants had filed a motion to dismiss ("Motion to Dismiss"), and that her failure to file a written response within 28 days from the date of that letter could result in judgment being entered against her. (ECF No. 54).[1] On May 25, 2022, Defendants filed "Defendants Line Requesting Ruling on Unopposed Motion to Dismiss," which was also mailed to Plaintiff. (ECF No. 58). In that filing, Defendants note that Plaintiff had not responded to their Motion to Dismiss, and argued that their motion was ripe for resolution. (*Id.*). To date, Plaintiff has not filed a response to the Motion to Dismiss. Pursuant to Local Rule 105.2(a) (D. Md. 2021), the time for

---

[1] On April 7, 2022, the letter was returned as undeliverable, as the Clerk of the Court inadvertently sent the letter to the wrong address. (ECF No. 56). On April 7, 2022, the Clerk of the Court mailed the letter again to Plaintiff at the correct last known address. (ECF No. 57).

Plaintiff to oppose the motion to dismiss has expired.

Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, Defendants' motion is **GRANTED.**

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed suit against the Defendants,[2] claiming negligence resulting from their involvement in a motor vehicle collision that occurred on October 18, 2017. (ECF No. 2, "Complaint," ¶¶ 7, 8). In particular, Plaintiff alleges that she was a passenger in a motor vehicle stopped at a red light near Route 198 and Route 1 in Prince George's County, Maryland when Defendant Clancey failed to slow down his vehicle (owned by Suddath Van Lines, Inc.) and "violently" crashed into the rear of the vehicle that she occupied. (*Id.*). Plaintiff avers that the collision resulted because Defendant Clancey failed to "pay full time and attention to his vehicle, and failed to reduce speed to avoid a collision." (Complaint, ¶ 10). As a result of Defendants' negligence, Plaintiff claims that she sustained permanent "severe physical injuries, pain, suffering, mental anguish and distress," incurred "substantial medical expenses, lost wages" and other costs as well as a "diminution in her earning ability." (Complaint, ¶ 11). Plaintiff pleads damages in excess of $75,000 and costs. (Complaint).

A Scheduling Order was entered in this case, which was subsequently modified per the request of Plaintiff. (ECF Nos. 16, 32). The case was also referred for mediation, which never occurred because the parties represented that they needed additional time to conduct discovery before attempting to settle the case. (ECF Nos. 27, 35, 26).

---

[2] Mayflower Transit, Inc. was originally named as a defendant in the Complaint, however, Plaintiff voluntarily dismissed the action against it. (ECF Nos. 2, 14).

Thereafter, on October 6, 2021, counsel for Plaintiff filed a motion to withdraw, alleging that he could not continue to represent her and abide by the Maryland Rules of Professional Conduct. (ECF No. 37). Because counsel for Plaintiff demonstrated good cause to withdraw, on October 18, 2021, the Court granted the motion and notified Plaintiff that she would be proceeding *pro se* unless/until another attorney entered his/her appearance on Plaintiff's behalf. (ECF Nos. 38, 39). Thereafter, on November 24, 2021, the Court ordered the Plaintiff and Defendants to file a Joint Status Report by January 18, 2022, apprising the Court of the status of discovery. (ECF No. 40).

On January 18, 2022, Defendants submitted a status report, in which they represented that Plaintiff had failed to respond to the discovery that they had propounded on her. (ECF No. 45). On January 28, 2022, Defendants filed a motion to compel discovery responses from Plaintiff, which was stricken from the record for failure to comply with the Court's order. (ECF Nos. 47, 48).

On January 31, 2022, Defendant filed a letter in which they requested leave to file a motion to compel discovery. In that letter, Defendants asserted that Plaintiff had failed to fully and completely answer Interrogatories and Requests for Productions of Documents ("Discovery Requests") that had been served on her on July 29, 2021. (ECF No. 49). On February 16, 2022, the Court issued an order directing the parties to meet and confer to resolve any outstanding discovery issues, and directing Plaintiff to notify the court whether she had retained new counsel. (ECF No. 50).[3]

---

[3] This Order was also mailed to Plaintiff at her last known address. (ECF No. 50).

On February 28, 2022, Defendants filed a status report, in which they represented that they had attempted to reach Plaintiff to discuss the Court's February order, but Plaintiff failed to respond to their communications. (ECF No. 51).

On March 25, 2022, Defendants filed the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As this Court has found earlier in this Memorandum Opinion, to date Plaintiff has failed to respond to the Motion to Dismiss. In addition, upon reviewing the docket sheet in this case, the Court further finds that, to date, no one has entered his/her appearance as counsel on behalf of Plaintiff, following the withdrawal of former counsel. Nor has Plaintiff ever responded to the letter or any of the orders issued by the Court, including documents with dates of October 2021. (*See, e.g.*, ECF Nos. 38, 39).

## II.  DISCUSSION

Fed. R. Civ. P. 8(a)(2) and relevant case law require a complaint to have a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must set forth enough facts as to suggest a "cognizable cause of action").

A defendant who files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is asserting that, even if a court construes the facts advanced in the Plaintiff's complaint as true, that complaint fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6), then, "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, Civ. No. RDB 12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012)(quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

In addition, while it is true that a *pro se* litigant is entitled to deference from a court when construing her complaint, *pro se* litigants are still "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Diamond v. Bon Secours Hosp.*, Civ. No. WMN 09-865, 2010 WL 2696632, at *5 (D. Md. Jul. 6, 2010)(quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989)). Thus, because the Plaintiff has not filed any opposition to the Motion to Dismiss, this Court may exercise its discretion and dismiss the case without reaching the merits. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2002)(when a plaintiff fails to oppose a motion to dismiss, a court is entitled to rule on that motion "on the uncontroverted bases asserted"); *see also Knott v. Wedgwood*, Civ. No. DKC 13-2486, 2014 WL 1573548, at *3 (D. Md. 2014)("Because Plaintiff failed to file any opposition to the motion, the undersigned has the discretion to dismiss the case without reaching the merits"); *White v. Wal Mart Stores, Inc.*, Civ. No. ELH 13031, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014)(court dismissed *pro se* plaintiff's complaint when plaintiff failed to respond to defendant's motion to dismiss).

Moreover, pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order." Accordingly, if a *pro se* plaintiff fails to comply with procedural requirements governing discovery or a court's order, a court may grant an involuntary dismissal. *See, e.g., Middlebrooks v. Sebelius*, Civ. No. PJM 04-2792, 2009 WL 2514111, at *1 (D. Md. Aug. 13, 2009) (*pro se* plaintiff's case dismissed after she failed to: (a) appear for properly-noticed depositions; (b) supplement interrogatories; and (c) "file a status report despite the court's directives that she do so").

However, a court should only dismiss a case with prejudice in the most "egregious [of] cases," namely "where the party's noncompliance represents bad faith and callous disregard for

5

the authority of the [court] and the Rules." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).[4]  Finally, before dismissing a case with prejudice, "a court must give the noncomplying party a[n] 'explicit and clear' warning of the consequences of failing to satisfy the court's conditions and orders." *Malhotra v. KCI Techs., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007) (citations omitted).

In their Motion to Dismiss, Defendants assert that Plaintiff has failed to respond to their Discovery Requests, which they generally claim: (a) prejudices them; and (b) demonstrates that Plaintiff is "unable to support any claim for damages." (Motion to Dismiss, p. 6).  According to the Defendants, then, even construing the evidence in the light most favorable to Plaintiff, she has failed to establish damages, which requires dismissal of the instant action with prejudice.  (*Id.*).

Because Plaintiff has failed to oppose the Motion to Dismiss, the Court chooses to exercise its discretion and dismiss Plaintiff's Complaint without reaching the merits of the claims advanced therein.[5]

In addition, because the Plaintiff has failed to prosecute this case and to comply with this Court's orders, (*see, e.g.,* ECF Nos. 40, 44, 48, 50), the Court will exercise its authority pursuant to Fed. R. Civ. P. 41(b) and alternatively dismiss the case based on that Rule.  *See Middlebrooks, supra,* 2009 WL 2514111, at *1; *see also United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007)(court possesses "inherent authority. . . to dismiss a lawsuit *sua sponte* for failure to prosecute").

---

[4] Had Defendants filed a motion for sanctions pursuant to Fed. R. Civ.P. 37(d)(3), seeking dismissal of the complaint based on Plaintiff's violation of her discovery obligations, then the Court would have to analyze six factors before deciding whether to dismiss with prejudice. *See Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 226 (4th Cir. 2019).

[5] Alternatively, the Court could construe Plaintiff's silence as a concession that the instant action is deficient, particularly related to damages. *Pueschel, supra*, 369 F.3d at 354; *Knott, supra,* 2014 WL 1573548, at *3; *White, supra,* 2014 WL 1369609, at *2.

Finally, however, this Court will not dismiss Plaintiff's Complaint with prejudice because it has not provided her with an "explicit and clear warning of the consequences of failing to satisfy [this Court's orders]." *Compare Malhotra, supra,* 240 F. App'x at 590.

In sum, the Court GRANTS Defendants' Motion to Dismiss. The terms of this Court's dismissal are set forth in the accompanying Order issued today.


Dated: June 30, 2022                                    _____/s/_____
                                                        The Honorable Gina L. Simms
                                                        United States Magistrate Judge